STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>PORTSIDE, INC., a New York domestic not-for-profit corporation; and BARRY COHEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-00740<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Portside, Inc. ("Portside") and Barry Cohen ("Mr. Cohen"; collectively with Portside known herein as the "Defendants"), on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2.  Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.  Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.  Portside is, and has been at all times relevant to this lawsuit, a domestic not-for-profit corporation with its principal place of business in New York.

5.  Portside is, and has been at all times relevant to this lawsuit, identified by the current registrar, Tucows Inc. ("Tucows"), as a registrant of the Internet domain found at <portside.org> (the "Domain").

6.  Mr. Cohen is, and has been at all times relevant to this lawsuit, identified by Tucows as a registrant of the Domain.

7.  Portside is, and has been at all times relevant to this lawsuit, identified by Tucows as an administrative contact for the Domain.

8.  Mr. Cohen is, and has been at all times relevant to this lawsuit, identified by Tucows as an administrative contact for the Domain.

**JURISDICTION**

9.  This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

10. Portside purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Mr. Cohen purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

12. Righthaven is the owner of the copyright in the literary work entitled "Laying off workers still would cost taxpayers" (the "Work"), attached hereto as Exhibit 1.

13. The Defendants copied, on an unauthorized basis, the Work from a source emanating from Nevada.

14. On or about February 2, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

15. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

16. The Defendants purposefully direct and effectuate the unauthorized reproduction of a Righthaven-owned copyrighted work on the Website.

17. The Defendants' unauthorized reproduction of a Righthaven-owned copyrighted work found on the Website is purposefully targeted at Nevada residents.

18. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada, originally published in Nevada daily publications.

19. The Defendants' contacts with Nevada are continuous and systematic because the Defendants regularly published and publish, on the Website, commentary specifically related to Nevada political issues and Nevada-based politicians.

20. The Defendants' contacts with Nevada are continuous and systematic because Portside publishes a newsletter entitled the "Portside List" which is distributed to Nevada residents via electronic mail.

21. The Defendants' contacts with Nevada are continuous and systematic because Portside provides an Internet forum, hosted on the Website, containing commentary specifically related to Nevada political issues and Nevada-based politicians.

22. The Defendants' contacts with Nevada are continuous and systematic because Portside provides an Internet forum, hosted on the Website, which solicits discussion from Nevada residents.

## VENUE

23. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

24. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Portside is subject to personal jurisdiction in Nevada.

## FACTS

25. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

26. Righthaven is the copyright owner of the Work.

27. The Work was originally published on February 1, 2010.

28. On April 27, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007138060 (the "Registration") and attached hereto as Exhibit 3 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

29. No later than February 2, 2010, the Defendants displayed the Infringement on the Website.

30. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

31. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

32. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 31 above.

33. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

34. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

35. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

36. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

37. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

38. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

39. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

40. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

41. Portside has willfully engaged in the copyright infringement of the Work.

42. Mr. Cohen has willfully engaged in the copyright infringement of the Work.

43. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Tucows and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this nineteenth day of May, 2010.

        RIGHTHAVEN LLC

        By: /s/ J. Charles Coons
        STEVEN A. GIBSON, ESQ.
        Nevada Bar No. 6656
        J. CHARLES COONS, ESQ.
        Nevada Bar No. 10553
        9960 West Cheyenne Avenue, Suite 210
        Las Vegas, Nevada 89129-7701
        Attorneys for Plaintiff